## SCHWARM ET AL. *v.* OSBORN.

LIQUOR LAW.—*Act of* 1873.—*Section* 12.—*Pleading.*—In an action under section 12 of the act of February 27th, 1873, Acts 1873, p. 151, the complaint alleged, that "while in a state of intoxication, so that he was in-

capable of knowing what he was about, or taking care of himself, he fell into an open cellar," etc.

*Held*, on demurrer, that such an allegation is not equivalent to an averment, that, "in consequence of the intoxication," he fell, etc., as the statute requires.

From the Tippecanoe Circuit Court.

*F. B. Everett,* for appellants.

*M. Jones* and *J. L. Miller,* for appellee.

Biddle, C. J.—Complaint by the appellee, against the appellants, in the following words: .

" The plaintiff complains of the defendants, and says, that she is, and was, on the 4th day of July, 1873, the legal and lawful wife of Aaron Osborn; that said Aaron was competent and able to earn two dollars and fifty cents per day, sufficient to support and maintain the plaintiff and her children in a comfortable and respectable manner; that, on the 4th day of July, 1873, the defendant, by himself and agents, sold and gave the said Aaron Osborn intoxicating liquor, whereby he became intoxicated; and, while in a state of intoxication, so that he was incapable of knowing what he was about, or taking care of himself, he fell into an open cellar in the city of Lafayette, and was thereby so injured, bruised and damaged that he has not since been able to work or earn a support for the plaintiff and her children; that, by reason of said injuries to said Aaron, caused as aforesaid, the plaintiff, with her children and the said Aaron, have had to apply to the charity of the township to prevent their starvation. Wherefore she says that the defendants have damaged her in the sum of one thousand dollars, for which she demands judgment and other proper relief."

Leave to amend the complaint seems to have been granted, but no amendment is shown. Motions made to strike out parts of the complaint are also shown in the record, but what parts were, or whether any part was, struck out, does not appear. There is no complaint in

the record different from that we set out, and nothing to vary its terms.

A demurrer, alleging the insufficiency of the facts stated, was overruled to the complaint, and exception reserved, and this ruling is assigned as error.

We do not think the complaint is sufficient. The allegation is, that, "while in a state of intoxication, so that he was incapable of knowing what he was about, or taking care of himself, he fell into an open cellar in the city of Lafayette," etc. This is not equivalent to an averment, that, "in consequence of the intoxication," he fell, etc., as the statute requires. Acts 1873, p. 155, sec. 12. The statute, being against a common-law right, must be strictly construed.

The judgment is reversed, at the costs of the appellee, and the cause remanded, etc.